UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFRED WALKER,

    Plaintiff,

v.

JOSEPH P. EARLY, LLC, a Domestic    CIVIL ACTION NO.
Limited Liability Company, and
JOSEPH P. EARLY, Individually,    JURY TRIAL DEMANDED

    Defendants.
_____/

## COMPLAINT

1.    This case concerns a general contracting company ("Joseph P. Early, LLC"), its owner, Joseph P. Early, and its former employee who regularly worked over 60 hours a week in a non-exempt position but was not properly compensated for all of the overtime hours he worked.

2.    Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

### SUBJECT MATTER JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

6. Defendant conducts substantial and not isolated business in the Eastern District of Michigan.

7. Defendant has agents and employees in the Eastern District of Michigan.

8. Defendant has a business located in the Eastern District of Michigan.

## PARTIES AND PERSONAL JURISDICTION

9. At all times relevant hereto, Plaintiff Alfred Walker was an individual residing in Wayne County, Michigan.

10. Defendant Joseph P. Early, LLC is a Michigan Limited Liability Company for the purpose of accumulating monetary profit.

11. Defendant Joseph P. Early is an individual residing in Michigan.

12. This Court has personal jurisdiction over this Defendant because he is a resident of Michigan.

## FLSA COVERAGE

13. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

14. At all material times, Plaintiff was Defendants' employee within the meaning of the FLSA.  29 U.S.C. § 203(e).

15. Defendants determined the rate and the method of payment for Plaintiff.

16. Defendants maintained some records regarding the time Plaintiff worked, but failed to maintain full and accurate time records in contravention of the FLSA's recordkeeping requirement.

17. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

18. Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee."  29 U.S.C. § 203(d).

19. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation.  *See Id*.

20. Defendant Joseph P. Early is the owner of Joseph P. Early, LLC.

21. Defendant Joseph P. Early is involved in the day-to-day business operation of Joseph P. Early, LLC.

22. Defendant Joseph P. Early has responsibility for the supervision of the employees at Joseph P. Early, LLC.

23. Defendant Joseph P. Early is responsible for the compensation or lack thereof paid to employees at Joseph P. Early, LLC.

24. Defendant Joseph P. Early has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

25. Additionally, Defendant Joseph P. Early is responsible for the day-to-day affairs of Joseph P. Early, LLC. In particular, he was responsible for determining whether Joseph P. Early, LLC complied with the Fair Labor Standards Act.

26. Defendant Joseph P. Early controlled the nature, pay structure, and employment relationship of the Plaintiff.

27. As such, Defendant Joseph P. Early is the employer of the Plaintiff within the meaning of 3(d) of the FLSA, and is jointly, severally, and liable for all damages.

## ENTERPRISE AND INDIVIDUAL COVERAGE

28. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

29. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

30. Specifically, Defendants' employees have sold goods that have been moved or produced in interstate commerce to Defendants' customers. Additionally, Defendants' employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

31. Furthermore, Defendants have had, and continues to have, an annual gross business volume in excess of $500,000.00 per annum.

32. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## **WAGE VIOLATIONS**

33. Defendants paid Plaintiff on an hourly basis up to 40 hours a week, but did not pay him for any hours he worked beyond 40 hours in a week at all.

## **FACTS**

34. Defendant is a general contracting company.

35. From approximately 2014 through August 2018, Plaintiff worked for Defendants.

36. Although Plaintiff was required to and did in fact frequently work more than forty (40) hours per workweek, he was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

37. Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

38. Defendants misclassified Plaintiff with the intent to avoid paying him in accordance to the FLSA.

39. At all material times, Defendant operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants performs related activities through unified operation and common control for a common business purpose.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

40. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

41. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

42. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

43. Defendants failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

44. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a) The time of day and day of week on which the employees' work week begins;

    b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

  d)  The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

  e)  The hours worked each workday and total hours worked each workweek;

  f)  The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

  g)  The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

  h)  The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

  i)  The dates, amounts, and nature of the items which make up the total additions and deductions;

  j)  The total wages paid each pay period; and

  k)  The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

  45.  Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff.

46. Because Defendants' records are inaccurate and/or inadequate, Plaintiff can meet their burden under the FLSA by proving that he, in fact, performed work for which he was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

47. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages for one or more weeks of work with Defendants.

48. Plaintiff is entitled to an award of liquidated damages.

49. Plaintiff is entitled to an award of reasonable attorneys' fees and costs under the FLSA.

## DAMAGES SOUGHT

50. Plaintiff is entitled to recover his unpaid compensation, including overtime compensation.

51. Plaintiff is also entitled to an amount equal to all of his unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b).

52. Plaintiff is entitled to recover their attorney's fees and costs as required by the FLSA.

## **JURY DEMAND**

53.     Plaintiff hereby demands trial by jury.


Dated: October 4, 2019

        Respectfully submitted,

        MORGAN & MORGAN, P.A.

        By: /s/ *Warren D. Astbury*
            WARREN ASTBURY (P82416)
            Florida Bar No.: 78056
            California Bar No.: 311962
            Illinois Bar No.: 6298999
            2000 Town Center, Suite 1900
            Southfield, MI  48075
            (313) 251-1399
            wastbury@forthepeople.com

        *Attorney for Plaintiff*