UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFRED WALKER,

          Plaintiff,

v.

JOSEPH P. EARLY, LLC and
JOSEPH P. EARLY,

          Defendants.

                                  /

Case No. 2:19-cv-12906

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [27]

Plaintiff Alfred Walker sued Joseph P. Early and his limited liability company for violating the Fair Labor Standards Act ("FLSA"). ECF 1. After the discovery deadline passed, Defendants moved for summary judgment. ECF 27. The parties fully briefed the motion, ECF 28, 31, and after reviewing the briefs, the Court finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the following reasons, the Court will deny summary judgment.

### BACKGROUND

Plaintiff was a senior employee who worked for Defendant Early and his co-Defendant construction company. ECF 28-2, PgID 415. Plaintiff claimed that Defendants did not pay him for his overtime work. ECF 1, PgID 7. Plaintiff specifically testified that he worked fifty-five hours a week on several construction projects as an employee for Defendants. ECF 28-4, PgID 605. But Plaintiff claimed that Defendants only paid him for forty hours of work each week. *Id.*

1

As part of his overtime work, Plaintiff began work at 6:00 A.M. each day by going to Home Depot to pick up supplies for the jobsite. *Id.* at 602. The regular workday started at 7:00 A.M. ECF 28-3, PgID 595. Plaintiff would also work through his lunch hour on some days. ECF 28-4, PgID 605. And Plaintiff worked until 4:30 P.M., *id.*, despite the workday ending at 4:00 P.M., ECF 28-3, PgID 595.

Plaintiff claimed that he did not report his weekly hours to Defendant on a punch card with a time clock, unlike other employees. ECF 28-4, PgID 600. Instead, Defendant conceded that he exempted Plaintiff from using a punch card and trusted Plaintiff to tell him the number of hours that he worked. ECF 28-2, PgID 415.

As time went on, Plaintiff claimed that he complained about not being paid overtime, and Defendant responded with a threat to cut his hours. ECF 28-4, PgID 606–07. Similarly, Plaintiff alleged that Defendants would reduce the weekly hours that certain employees worked to twenty hours, even though the employees worked about fifty-five hours each week. *Id.* at 604.

To support Plaintiff's claim that he worked unpaid overtime, Plaintiff offered an affidavit from an employee with whom he worked on a construction project. ECF 28-5. To rebut Plaintiff's claims that he worked overtime, Defendants offered affidavits from employees that worked on the same construction project as Plaintiff. ECF 27-9. Defendants also offered payroll records that listed all employees' hours for projects. *See generally* ECF 27-1–27-8.

## LEGAL STANDARD

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must identify specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted). And although the Court may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere "scintilla" of evidence cannot survive summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff," *Anderson*, 477 U.S. at 252.

## DISCUSSION

"The FLSA requires employers to pay their non-exempt employees 'time-and-a-half for work performed in excess of forty hours per week.'" *Oldham v. United States Postal Service*, 465 F. App'x 440, 444 (6th Cir. 2012) (quoting *Acs v. Detroit Edison Co.*, 444 F.3d 763, 764–65 (6th Cir. 2006)). To recover unpaid wages under the FLSA, a "plaintiff must prove by a preponderance of the evidence that he or she performed work for which he or she was not properly compensated." *White v. Baptist Mem. Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012) (quotation omitted).

In the summary judgment motion, Defendants claimed that Plaintiff has not met his burden to prove an entitlement to overtime pay. ECF 27, PgID 98. Defendants argued that Plaintiff's own testimony—without supporting documents—contradicts Defendants' records and thus fails to meet Plaintiff's burden of proof. *Id.* at 101. Defendants also argued that Plaintiff is not entitled to a lower burden of proof because Defendant has kept adequate and certifiable payroll records. *Id.* at 98, 105–06.[1]

In response, Plaintiff offered his deposition testimony that he went unpaid for working more than forty hours a week. ECF 28-4, PgID 605. Plaintiff also explained that his overtime duties included traveling to Home Depot before the workday to pick up supplies for Defendants and then staying after the typical workday ended. *Id.* at

---

[1] Defendants also conceded that Plaintiff was a non-exempt employee under the FLSA. ECF 27, PgID 103–04.

4

602, 605. Plaintiff also provided an affidavit from a coworker corroborating Plaintiff's work schedule and overtime hours. ECF 28-5.

With that in mind, Plaintiff has offered enough evidence to create a genuine dispute of material fact about whether Defendants paid him for the overtime that he worked. First, the relaxed burden shifting provision that the parties discuss "does not help a plaintiff establish *liability* under FLSA, it merely relaxes the burden in evidencing *damages* after liability is established." *Morgan v. Zieger Health Care Corp.*, No. 13-14809, 2015 WL 4040465, at *19 (cleaned up) (emphasis in original and added). Indeed, the relaxed burden applies only when establishing "the employee's inferential *damage estimate*.'" *Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979, 989 (W.D. Tenn. 2011) (emphasis added) (quoting *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999)). In short, the relaxed burden discussion is irrelevant to whether Defendants are liable under the FLSA; it is only relevant for proving the precise amount of Plaintiff's damages.

Without the need to discuss the relaxed burden standard, the Court will deny summary judgment because Plaintiff has shown that there is a genuine dispute of material fact about whether Defendants paid Plaintiff for his overtime. For example, Plaintiff claimed that he worked about fifty-five hours a week and Defendants only paid him for forty hours. ECF 28-4, PgID 605. The overtime work consisted largely of Plaintiff starting work every morning at Home Depot to pick up supplies for the day, working through lunch, and working after the workday. *Id.* at 602, 605, 609. Plaintiff testified that he did not punch out on a time clock like other employees. *Id.* at 600.

5

Plaintiff also testified that Defendant would meet him before work at Home Depot or talk to Plaintiff on the phone when he picked up materials. *Id.* at 602. And when Plaintiff complained about not being paid overtime, Plaintiff testified that Defendant threatened to cut his hours. *Id.* at 606–07. All of Plaintiff's testimony conflicts with Defendants' records and testimony that Plaintiff worked only forty hours a week, and if Plaintiff worked overtime, then Defendants paid him for it. *See generally* ECF 27-1–27-10. And Plaintiff attempted to corroborate his claims with an affidavit from another worker. ECF 28-5. As a result, Plaintiff has shown that there is a genuine dispute about whether he worked unpaid overtime hours not reflected in Defendants' payroll records.

Moreover, Plaintiff's own testimony is enough to create a genuine dispute of material fact. The Federal Rules of Civil Procedure and Sixth Circuit precedent allow Plaintiff to prove his number of hours worked without the need of documentation, such as "contemporaneous written time records." *Bean v. Doug & Matthew Home Remodeling, LLC*, No. 14-cv-12536, 2015 WL 1728383, at *1 (E.D. Mich. Apr. 15, 2015) (citations omitted). Thus, "[d]espite the lack of corroborating evidence, Plaintiff's testimony is sufficient to create a genuine dispute of material fact that forecloses summary judgment." *Moran*, 788 F.3d at 206. Plus, Defendants even acknowledge that Plaintiff has offered evidence "that contradict the regularly-kept pay records" of Defendants. ECF 31, PgID 624. But Defendants claim that evidence is self-serving. *Id.* Perhaps so. But even if the assertion were true, the Court "may not resolve credibility disputes on summary judgment." *Bean*, 2015 WL 1728383, at

*3 (citing *Dawson v. Dorman*, 528 F. App'x 450 (6th Cir. 2013)); *see also Monroe*, 763 F. Supp. 2d at 989 ("Thus, the mere fact that a plaintiff's damages estimate may be self-serving hardly makes the plaintiff's evidence incompetent."). In sum, Plaintiff has shown that there is a genuine dispute of material question of fact about whether Defendants paid Plaintiff for his overtime work. The Court will therefore deny Defendants' summary judgment motion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' summary judgment motion [27] is **DENIED**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: April 22, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 22, 2021, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager